August 27, 2007

U.S. COURTHOUSE
500 Pearl Street
New York, New York   10007-1312

ATTN: Honorable Judge Kenneth M. Karas

   *RE:  USA v. Baez and Vitale – Docket #07MAG280 (KMK)*

Dear Judge Karas:

   Our next court date in the above matter is September 21, 2007.

   As I begin to prepare the case for trial, a jurisdictional issue has arisen.

   Rather than surprise both the Court and the Government with this issue on our upcoming appearance, I believe that it would be appropriate to raise the matter now.

   The indictment binder states that the indictment was issued pursuant to (Title 18, U.S.C. Sections 371, 666 (a) (1) (B), 666 (a)(2), and 2).

    The first count states six (6) overt acts and after (f) states (Title 18, United States Code, Section 371)

    The statute states:

>           If two or more persons conspire either to commit any offense
>           against the United States, or to defraud the United States, or any
>           agency thereof in any manner or for any purpose, and one or more
>           of such persons do any act to effect the object of the conspiracy,
>           each shall be fined under this title or imprisoned not more than
>           five years or both.

Page 2
Honorable Judge Kenneth A. Karas
August 27, 2007

> If however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

In *Tanner v. United States,* 483 U.S. 107, 128-132 (1986), the United States Supreme Court held that the statute must be interpreted to prohibit only crimes against the United States, and its agencies, and not anyone receiving federal financial assistance and supervision. See *United States v. Hope,* 861 F.2d 1574, 1576-1578 (11th Cir. 1988) (Fraud claim dismissed because state was the victim of the alleged wrongdoing).

Paragraph one of the indictment states:

> 1. Co-Op City is a New York State Mitchell-Lama housing cooperative located in the Bronx, New York. As a Mitchell-Lama development, Co-Op City was established for the purpose of providing affordable housing for middle-income residents. To effectuate that purpose, Mitchell-Lama developments such as Co-Op City charge rents (or "maintenance") that are considerably lower than the rents that qualified residents would have to pay for comparable housing on the open market.

Thus, the record would disavow any suggestion that Co-Op City is a federal agency.

It is submitted that since the overt acts allegedly violate a statute that may not be used to prosecute the defendants, at least the first count should be dismissed.

Your attention to this matter is appreciated.

Very truly yours,

_____
HOWARD R. BIRNBACH

cc: Asst. U.S. Attorney Wong (*via fax*)
    Vincent Romano, Esq. (*via fax*)